*137-577*

# CITY OF SAN FRANCISCO, RESPONDENT, *v.* EDMUND SCOTT, APPELLANT.

*12-528*
*a 12-530*

[1] EMINENT DOMAIN—COMPENSATION ON CONDEMNATION.—Where private property is *29-117* taken for public use, compensation must be made before the citizen can be *31-540* divested of his rights.          *31-546*

[2] EASEMENT—DEDICATION OF STREET, HOW MADE.—A dedication of land to the *22-490* public use as a street or highway, may be made by deed or other overt act, or *108-592* may be presumed·from the lapse of time or acquiescence of the party.

IDEM—DEDICATION NOT PRESUMED.—Where there is no abandonment or dedication *60-510* of the land, the user for a limited time by the public, cannot fairly raise the presumption of a dedication.

·APPEAL from the Fourth Judicial District.

This was a submission to the Court without action upon a case stated.

Judgment in favor of plaintiff.   Defendant appealed.

The facts appear in the opinion of the Court.

*\*John K. Hackett*, for Respondent.          [115]

Cited 6 Wend. 651; *Abbott* v. *Mills*, 3 Vt. 521; *State* v. *Catlin*, Ib. 530; 2 Greenleaf on Evidence, § 662 and notes; *Marquis of Stafford* v. *Cryne*, 7 B. & C. 257; *State* v. *Trask*, 6 Vt. 355; *Cincinnati* v. *White*, 6 Pet. 431, 437, 440; *Reg.* v. *Eastmack*, 12 Jur. 332; 3 Bingham, 447; 6 Ohio, 288, 303; 7 Ib. 217, 219; 9 Cranch, 331; 4 N. H. 537, 545, 546; *Dwinel* v. *Banvard*, 2 Law Rep. 339, 344, N. S.; *Pearsall* v. *Post*, 20 Wend. 111; 1 Camp., *Rex* v. *Lloyd*, 260; 1 Hill, 191; Hammond's *Nisi Prius*, 193, 194.

No brief on file for appellant.

---

[1] Approved in *McCauley* v. *Webber*, 12 Cal. 528, 530; *S. F. & S. J. R.R. Co.* v. *Mahoney*, 29 Cal. 117; commented on in *Fox* v. *W. P. R.R. Co.* 31 Cal. 545, 546. See *McCann* v. *Sierra Co.* 7 Cal. 121; *Bensley* v. *M. L. W. Co.* 13 Cal. 306; *Johnson* v. *Alameda Co.* 14 Cal. 106; *People* v. *Brooks*, 16 Cal. 47.

[2] Approved in *Kittle* v. *Pfeiffer*, 22 Cal. 490. See *Harding* v. *Jasper*, 14 Cal. 642. *People* v. *Blake*, 60 Cal. 510.

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT and Mr. J. WELLS concurred.

·This suit was originally instituted by complaint before the City Recorder against the defendant for obstructing Commercial street. This street was extended through the property of the defendant and other citizens, by an ordinance of the Common Council of San Francisco. In conformity with the requirements of the charter, assessments were made of the damage to each individual, caused by the opening of the street. Price, who is the real party defendant, was in possession of a portion of the land so appropriated, and an award of $1,925 was made for the damage done to his possession.

Shortly after such award the street was opened. The agent of Price removed a house which was partly in the line of said street, at the same time declaring that he did not intend to surrender or give up any right to the premises until he was paid for them.

The lot remained open and was used as a public thoroughfare for four or five months. After the expiration of this time the defendant, as agent of Price, entered upon the lot and obstructed the street, alleging the city had never paid the assessments made, and claimed, on behalf of his principal, the right to reappropriate the same to private use.

The question submitted for the determination of this Court is: Has there been such a dedication of the [116] premises to the *public use as a street or thoroughfare as to render the defendant liable for obstructing it?

Our Bill of Rights provides that private property shall not be taken for public use, without just compensation being made therefor, and it is now the better opinion that such compensation must be made before the citizen can be divested of his rights. It is not sufficient that the law points out the mode by which the damage may be ascertained, and provides the party with a remedy to enforce his rights; no such obligation can be imposed upon him; he is entitled to the damages which he has sustained, without

resorting to a legal tribunal to enforce the payment. The law watches the exercise of this prerogative of sovereignty with a zealous regard for the rights of the citizen.

Admitting all the steps for opening this street were properly and legally taken (a proposition denied by the appellant's counsel), it is evident the premises in question did not become a public street by virtue of such ordinance, until the city had paid or tendered the amount of the assessment to the defendant; in other words, a city ordinance would not divest the title to private property, and *ex proprio vigore* operate a dedication to the public use.

Let us, then, inquire whether the acts of the defendant amounted to a dedication.

There are several ways in which a dedication of land to the public use as a street or highway may be made. It may be made by deed or other overt act, or may be presumed from the lapse of time or acquiescence of the party.

There is no precise limit of time from which dedication will be presumed. In some cases it has been decided that twenty years were necessary to raise the presumption of dedication, while in others it has been held that a much shorter period was sufficient.

No general rule can be fixed governing these cases, and each must stand on its own particular circumstances.

In the present case there never was an abandonment or a dedication of the land; the declarations of the agent, if of any verity, show an indisposition to part with the possession of it *without proper compensation, and   [117] negative any presumption of a voluntary dedication.

The user for so limited a time by the public could not fairly raise the presumption of a dedication, and the attempt to resume the possession, in a short time afterwards on the failure of the city to pay the damages assessed, would go far to strengthen the opinion that he had never voluntarily dedicated the land in question, but only consented to part with his rights upon proper compensation being made.

From this it follows that the Court below erred.

Judgment reversed.