JOHN B. MᴄKEE *et al. v.* WILLIAM GREENE *et als.*

A Nonsuit.—A nonsuit should not be granted if there is evidence tending to prove all the material allegations of the complaint.

Possession Taken with Color of Title.—One who enters into the actual possession of a part of a tract of land, not at the time in the possession of another, under a deed describing the entire tract, claiming the whole, acquires possession of the whole as against one afterwards entering upon the same without color of title.

Appeal from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff appealed.

The other facts are stated in the opinion of the Court.

*Edward J. Pringle,* for Appellants.

*Wilson & Crittenden,* for Respondents.

By the Court, Sᴀᴡʏᴇʀ, J.:

This case was tried before me while Judge of the Twelfth District. The plaintiff introduced a deed of conveyance dated August 15th, 1851, from I. N. Thorne to Brower and Arnold, describing by metes and bounds a tract of land irregular in form, containing "not less than thirteen, nor more than twenty acres." The land in controversy is embraced within the lines described in the deed, but Market street crosses the tract and separates the portion in dispute from the remainder not embraced in the street. Within a week after the making of said conveyance, Brower entered upon the land described in the deed, erected a house, stable, barn and chicken house,

constructed a fence around these buildings, inclosing about three or four acres of land, and erected a windmill to supply water for his house and garden. About three or four acres only were fit for cultivation; the rest was sand hills, covered with "scrub oak." Brower occupied the house, and cultivated the grounds within the fence as a garden for a period of some two years, when he sold out to parties under whom plaintiffs claim. He.cut wood and fence posts on the other portions of the tract outside of his fence, and on the portion in controversy, but no portion of the land in controversy was cultivated by him, or included within his garden fence. About two years after the erection of the house and garden fence, Brower, with a view of inclosing the entire tract embraced in his deed from Thorne, commenced a fence at or near one corner of the premises in question, and ran it round so far as was necessary to include said premises, and then continued the fence around said entire tract till he struck Market street, when, night coming on, he left the premises, the line along Market street from the point where he struck that street only remaining to be put up in order to complete the inclosure around the entire tract described in his deed from Thorne. On returning next morning to complete his work, he found that defendant, William Greene, had torn down that portion of the fence which he had constructed along the lines of the premises in controversy for the purpose of inclosing them with the remainder of the tract, and had put up a fence for himself, inclosing that part of the premises with his own. Greene claimed those premises, and after some conversation between Greene and Brower, in which Brower told Greene that "he did not care, as he could prove that he had his fence there first," Brower continued his own fence along the northerly side of Market street, inclosing the remainder of the tract embraced in his deed from Thorne, but excluding the premises in controversy, which were situate on the southerly side of Market street, and had been fenced off by Greene during the night. Brower soon after sold out without having made any further effort to obtain possession of the premises in contro-

versy. They had not been hitherto fenced or occupied. On the conclusion of plaintiff's testimony, which tended to establish the foregoing state of facts, defendants' counsel moved for a nonsuit, on the ground, among others, that no title or prior possession had been shown in plaintiffs or their grantors, and the motion was granted, upon the idea that no possession was shown in Brower to any portion outside of his garden fence. Since that time I have had occasion, as one of the members of this Court, in the case of *Hicks* v. *Coleman*, 25 Cal. 122, to give this question a more thorough examination than I was enabled to bestow at the time of the trial, and I am satisfied that there was error in granting the nonsuit. Clearly, under the decisions of this Court in *Hicks* v. *Coleman*, and several subsequent cases, the evidence should have been submitted to the jury. If, as claimed, any inference of abandonment properly arises upon the testimony of the plaintiff, that also is a question for the jury. The inference is not so unmistakably clear as to justify the Court in withdrawing the case from the consideration of the jury.

With reference to the point made, that the nonsuit may have been granted by the District Court on the ground of misjoinder of parties plaintiff, it is only necessary to observe, that a misjoinder of plaintiffs was not set up in the answer, and if any appeared in the evidence the ground of objection was waived under the statute. (Prac. Act, Secs. 44 and 45.)

We are of the opinion that the judgment should be reversed and a new trial had, and it is so ordered.

Mr. Chief Justice CURREY expressed no opinion.