ON a writ of error to the Superior Court in and for Kent County, heard before Saulsbury, Chancellor, and Wootten and Houston, Judges. The action below was in assumpsit for superphosphate sold by the agent of Coe, the plaintiff, to one Cook, the agent of the defendants in the purchase of it, as he alleged. From the bill of exceptions it appeared that Cook was carrying on a farm in the county for the defendants who resided in the State of Maryland, they to furnish the stock and implements, and he the labor, and to have one half of the products, and that it was bought for and used on the farm, and that the agent for the plaintiff, who sold it to him, testified that he first gave him, as the agent of the plaintiff, his note or due-bill, and afterwards his judgment-note on the surrender and destruction of it, for the price of the superphosphate, and that in a conversation which he subsequently had with one of the defendants about it, he said, *Page 10 
whatever was right he would do, and he supposed it would be paid for by him. But Cook, the alleged agent of the defendants, testified that he had no authority from them to buy it, or to do anything of the kind, or to sign the note for it as agent, and that the word "agent" now appearing after his name in the note was not there when he signed it, and that he expected to pay for it himself.
It was proved by another witness that he had sold to Cook over seventeen hundred peach trees, which were planted on the farm of the defendants, and that Mr. Goldsborough, one of the defendants, had paid him for them.
The court charged the jury that the evidence in the case was not sufficient to entitle the plaintiff to maintain the action, and their verdict should be for the defendants, to which the plaintiff excepted.
Fulton for the plaintiff in error. The court erred in charging the jury that the evidence was not sufficient to maintain the action in withdrawing it from the jury and in directing a verdict for the defendants. The principle is, that where there is any evidence, even the slightest for the plaintiff, the court should not withdraw the case from the consideration and decision of the jury, either by a non-suit or by directing a verdict to be returned for the defendant. The prerogative of the court, which authorizes them to withdraw from the jury the consideration of the facts, is never exercised but in cases where the evidence is so indefinite and unsatisfactory that nothing but wild, irrational conjecture and licentious speculation could induce a jury to pronounce the verdict which is sought at their hands. Fergusonv. Tucker, 2 Har. Gil., 182. It is wrong to grant a non-suit if the evidence is sufficient to authorize the jury to find for the plaintiff, although it may not be sufficient to require them to do so. Phillips v. Bringham, 26 Ga., 617. If there be evidence from which the jury may draw an inference, the case ought not to be taken from them. Schubardt v. Allen, 1 Wall, 359. If there be evidence, however slight, the case ought to be submitted to the jury. Mounce v. Byars, 11 Ga., 180; Dyson v. Beckham, *Page 11 35 Ga., 132; Dodge v. McDonell, 14 Wis., 553; Fosterv. Dirfield, 18 Me., 380. When the evidence tends to prove the issue, the jury should be left to determine the cause under the evidence offered. In such a case the court has no power to take the case from them, nor to advise them that the defendant is entitled to their verdict. Davis v. Hoxey, 1 Scam., 406; McKee v.
Greene, 31 Cal., 418; Page v. Parker, 43 N.H., 363; Johnstonv. Hamburger, 13 Wis., 175. A non-suit ought not to be awarded, though the presiding judge may have drawn proper inferences from the testimony and arrived at a correct result, if the facts were such as might justify a jury in coming to a different conclusion without danger of their verdict being set aside as against the weight of the evidence. Pickett v. Smith, 41 Me., 65. Nor can the court take the case from the jury where the evidence is conflicting. Reed v. Deerfield, 8 Allen, 522.
The promise of one of the defendants that he would do what was right, and he supposed the superphosphate would be paid for by him, amounted to a ratification of the purchase of it by their agent on their account; or it was, at least, evidence to go to the jury for that purpose. If they did not intend to pay for it, they should have repudiated the purchase of it on their account as soon as they heard of it. Bredin v. Dubarry, 14 S. R., 27; 2. Greenl. Ev., §§ 60, 66, 67; State v. Reading, 1 Harr., 23. Agency may be proved by express words, oral or written, by the relative situation of the parties and the nature of the employment. Story on Agency, § 47; Waplesv. Waples, 1 Harr., 474; Gaylin v. DeVilleroi, 2 Houst., 311.
Massey, for the defendants in error. This case in the court below, on the part of the plaintiff, was predicated on an alleged agency of one Samuel Cook, to purchase the superphosphate for the defendants in error. What constitutes agency is a question of law addressed to the court; and it was certainly within the province of the court to determine whether all the evidence submitted by the plaintiff was sufficient in legal contemplation to establish the agency alleged on the part of Cook for the defendants. And they therefore contend that the court below, in its *Page 12 
charge to the jury, did not exceed its prerogative in directing a verdict in favor of the defendants.
The testimony of Wilson, the agent of the plaintiff for the sale of his superphosphate, shows a sale and delivery of the superphosphate in question by him to Samuel Cook, and that the credit therefor was given to him individually, his own note having been taken for the price of it, thereby refuting the idea of a sale of it to the defendants in error, or on their credit; and the testimony of Samuel Cook expressly negatives the allegations of his agency for the defendants in the purchase of it, and shows affirmatively that he had no authority to buy on their account, or to do anything of the kind for them, but on the contrary, that he bought it on his own responsibility, and intended to pay for it himself. That there was no conflict in the testimony, the evidence of Cook being entirely consistent with that of Wilson. Parksv. Ross, 11 How., 362; Frost v. Martin, 9 Foster, 306; Harris v. Woody, 9 Mo., 113. Even if Cook had been for any purpose the agent of the defendants (which, however, was not made out by the proof), his acts would not bind his principals unless exercised within the scope of his authority. Scott v. McGrath, 7 Barb., 53; 2 Greenl. Ev., § 59. If Cook had been the agent of the defendants for the purpose, the sale and delivery of it to him and the taking of his own note for the price of it would estop the plaintiff from recovering against the defendants, for if one sell goods to an agent, knowing the principal and give credit to the agent, he cannot afterwards charge the principal. Bate v. Burr, 4 Harr., 130. There can be no ratification unless it appears by the evidence at the trial that there was previous knowledge on the part of the principal of all the material facts. 2 Greenl. Ev., § 66. It was a fraud on the defendants, unless they then knew that the plaintiff had taken and then held the note of Cook for the price of the goods.
 By the Court: The judgment of the court below is affirmed. *Page 13