## RULES GOVERNING PLEADING.

Common Pleas Court of Franklin County.

GEORGE ALESHIRE, JR., V. THE PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD CO.

Decided, September Term, 1923.

*Pleading—Requirements of the Code Relative to the Answer—Purpose of the Requirement that Plaintiff Verify the Petition—Denial of the Petition as a Whole Violatve of the Statute—Denial Should be in the Disjunctive—Insufficient Denial.*

1. The requirements of the code that the answer shall contain a general or specific denial of the material allegations of the petition controverted by the defendant, or statement of any new matter constituting a defense or counterclaim constitutes a mandatory prohibition of any other kind of matter, fact or facts.

2. Under our practice, and that of the common law, a specific denial of one or more allegations of a petition is held to be an admission of all others well pleaded; this conclusion essentially results from the rule that a specific denial to each allegation of a petition is a separate denial applicable only to the specific allegation controverted.

3. The object of the requirement that plaintiff shall verify the petition is to narrow the proof on trial, and to compel the defendant to deny specifically each separate allegation which he controverts; allegations not specifically denied are admitted by failure to deny them, hence the impropriety of their repetition by way of admission.

4. And the defendant must either deny the facts alleged, or confess and avoid them; the confession of matter is disclosed by the allegation of new matter by way of defense and avoidance. A denial of a petition or any part thereof *as a whole, and as conjunctively stated,* is violative of the principles of both the common law and pleading and also of the express direction of our statute.

5. A denial snould be in the disjunctive although the allegations of the petition be in the conjunctive.

6. A general denial of a verified petition with the qualification of "except as hereinafter" or "hereinbefore admitted" is insufficient to put in issue any of its allegations.

*L. G. Moore* for plaintiff.

*Henderson & Burr,* for defendant.

KINKEAD, J.

The submission is upon a motion to the amended answer of the defendant. The present answer contains some of the matter which the court specifically ruled should be stricken out, and a number of other objections are made, which will be taken up in the order in which they appear.

In the first defense the defendant—

"denies that on the 4th day of January, 1922, the plaintiff in obedience to his instructions attempted to go around the rear end of the engine which was being repaired, when he was injured; that it was necessary for the plaintiff to go around said engine to unhook any springs."

The allegation of the petition which defendant undertakes to deny reads,

"attempted to go around the rear of one of the engines which was being repaired * * * that it was necessary for plaintiff to go around said engine to unhook certain steel springs which were being brought forward, etc."

Consider the form of denial of the above quoted allegation, and recall the allusions made by text writers to a vice peculiar to certain forms of traverses—to such forms of negatives as imply an affirmative, known as the "negative pregnant." This irregular form will not be found in a correct type of Code general denial; vices have crept into the Code practice, just as they did in the common law.

A negative pregnant is a form of special denial which is pregnant with an irregular, erroneous form of denial, which contains an admission by implication. This imperfect traverse is often encountered where one is called on to answer an allegation of several facts connected by the copulative conjunction, where the pleader answers or replies denying them in *haec verbis*, which admits that some of the facts may be true. There is in such case no denial of any one fact, it being, instead, a denial of the whole as connected or happening together.

The form of denial may seem to be harmless and non-prejudicial; it evidently is so regarded, according to prevailing

abuse in practice. What is deemed worthy of denying at all deserves a legal denial. See Bliss PL., Sec. 332.

"The only pleas authorized by the Code to be used by a defendant are the general or specific denials, and the plea of new matter." *Converse* v. *Motors Co.*, 21 N. P. (N. S.), 345.

This may not be questioned or denied; then why pursue an improper course in contravention of the settled rule; we have been pursuing an unauthorized course, as was done under the common law, which is not as desirable as the code rule.

The desire should be to keep within the spirit and letter of the code, not to depart from it bringing the system into disrepute as was the common law. It is not difficult for the draughtsman to consider the judicial point of view in respect to the duty of stating the issues to the jury. The judiciary considers many pleadings on preliminary questions in stating the issues to a jury.

The language sought to be stricken from the amended answer is the same matter which the court *sua sponte* struck out. There is no doubt of the power of the court so to do; and there is no impropriety in striking bulky repetitions by way of admissions from a pleading in order to enforce compliance with the code, thus securing efficient administration.

The language sought to be stricken from the amended answer is the same matter ordered to be taken out of the pleading of its own motion, but which was not complied with. It begins with the words "The defendant admits" on the second page, and ends with the words "not herein denied," and is mere repetition of the allegations contained in plaintiff's petition. It is a form of denial not authorized or contemplated by the code, which violates the rule against negative pregnant.

The rule requires the facts to be stated without repetition, and this

"applies to pleadings of both parties, and forbids the repetition of facts alleged in a petition by allegations of admissions thereof by defendant. Such repetition of facts also violates the rule which requires facts to be stated in ordinary and concise language, which contemplates this shall be done in the established order and methodically."

"Ordinary language is the use of such English words as are used in strict requirement of the rules required by the Code. Compliance with the rule of ordinary language requires that the facts shall be stated in concise and condensed form, and forbids useless repetition by methods not authorized."

The pleading contains a page or more repetition of admitted allegations, whereas the code expressly prohibits such practice authorizing only the general and specific denials, and new matter constituting a defense, counterclaim or set off.

Section 11314 of the code expressly provides that the answer may contain a general or specific denial of each material allegation of the petition controverted by defendant, or new matter constituting a defense, counterclaim or set off. Hence it is clear that matter repeated by way of admissions is improper.

The pleader should be certain that every allegation by the adversary has been specifically denied, precisely in the manner prescribed by the code so there can be no doubt whatever concerning the issues. It is better to follow the letter and spirit of the code than to persist in a course contrary to the express provisions of the code.

Counsel quote from Phillips Code Pleading, Sec. 233 where it is stated that:

"It is common practice to admit certain allegations of the complaint, and to deny all allegations therein not expressly admitted, etc."

No one understands this better than the Bench and Bar; no one knows how judicial interference with this irregular practice has generally been considered by the profession; the brethren go on in their own way no matter what a judge may order.

Respecting the quotation from Phillips brought to our attention by defendants counsel, it is further stated by that author (Phillips, Sec. —):

"This general denial of only a part of the allegations of the complaint combined with an admission as to others, has been criticized as 'a mongrel form of answer' not contemplated by

the reform system and not in harmony with its true theory. But it has the sanction of uniform practice and the approval of numerous courts,. and may be regarded as the settled and authorized practice.''

It is not the "settled and authorized practice" in the sense that it is settled or authorized by the *provisions of the code* or·by *judicial sanction;* it might be characterized as a settled abuse of practice. The provisions of the Code expressly for-bid such practice, and the few old decisions cited by Phillips are of no value because the sole source of authority is found in the provisions of the code; it is erroneous to state that it has the sanction of the approval of numerous courts, neither is it to be regarded as the settled and authorized practice. An examination of the decisions cited by Phillips will not sustain the claim asserted, and we regard the statements made by the author as improper and unwarranted. The quotation from the work found in the brief of counsel is not the rule and should not be relied on.

Dean Bryant of the University of Wisconsin in his volume on Pleading appropriately states that "it is always dangerous to laboriously depart from the clear directions of a statutory mode of pleading." Bryant Code Pl., p. 229.

Pomeroy on Code Remedies, Sec. 524, calls attention to the fact that:

"A practice has   *   *   *   grown up of framing an answer in the following manner: To admit such of the plaintiff's aver-ments   *   *   *   as the facts of the case require; to deny oth-ers wholly or partially; to explain and modify others;   *   *   * *in short, to write in one answer or division thereof a mass of special admissions,* denials, explanations, and affirmative state-ments, and to conclude the whole with a sweeping clause some-what in this form: 'As to each and every other allegation in said complaint not herein expressly admitted or denied or mentioned, the defendant hereby denies the same;' or, 'And the defendant denies each and every other allegation in said complaint not hereinbefore expressly admitted or denied or mentioned.''

Pomeroy further states (Sec. 524):

"The true spirit and intent of the theory introduced by the reformed procedure plainly demand certainty, precision,

and definiteness in the allegations of *both parties,* and *especially in the denials by which the defendant places on the record the exact issues intended to be tried.* \* \* \* This design of the codes would, however, be utterly defeated if the vicious style of defense thus described should become common; and the courts, it is submitted, ought to have pronounced most emphatically against it when it first made its appearance."

Yes it has become common; the Bar continuously disregard the rule, and show their disregard for orders by disregarding them when made.

Lawyers ought to take a lecture from such an author as Pomeroy with better grace than they do from one of their own judges. Recently the writer had an experience where counsel for a defendant railway company had in the answer made the usual admissions with answer of denial and new matter. On discovery of an error on the part of plaintiff in alleging the place where the death of plaintiff's intestate occurred, application to amend the answer at trial was made, and granted on condition that specific denials be made, leave to amend at trial being allowed, which course was pursued to the material advantage of the party. Counsel had made an omission of a fact alleged by plaintiff which was not the fact at all, and which was material and vital. Leave was granted to amend at trial on condition that the rule be followed viz.: that any denials shall be made according to rule. The admission was afterwards made part of the evidence to the disadvantage of the pleader to his disadvantage.

Further quotation is made from Pomeroy Code Remedies, Section 525:

"The codes require either a general denial, or specific denials, or defenses in confession and avoidance. \* \* \* The general denial is evidently intended to be an answer to the entire complaint—to negative all its averments. \* \* \* I am of opinion that each denial ought to be a single and separate defense, etc. \* \* \* Certain it is that the codes do not, by any stretch of their language, contemplate an answer consisting of a general denial directed to a part only of the complaint or petition, and connected with other admissions, partial denials, and explanations \* \* \*."

Section 526 of Pomeroy also states:

"If the   *   *   *   petition contains numerous averments, and answer *is such a mass of express admissions*   *   *   * partial explanations   *   *   * and conclude with the formula above quoted, *we have all the evils which can result from the most vicious* system or no system that can possibly be concerned   *   *   * I am confident (Pomeroy states) that the theory of the reformed procedure, *when lived up to and accurately* followed, will give   *   *   * practical results, etc."

Notwithstanding these considerations, Pomeroy calls attention to the seeming approval of the most slovenly manner of stating the defenses and denials by the courts of New York and other states, among which are the cases cited by Judge Phillips in his incorrect statement and before cited.

. In considering the pleadings, attention may be directed to the important function of the trial judge in the statement of the issues to the jury. In the early experience the judge may probably read the pleadings *verbatim ad literatum;* after reading the pleadings—with the mass of special admissions, denials, explanations, affirmative statements, the judge probably has not only lost sight of the vital questions, but the jury also probably fails to comprehend the issues, and the court must then attempt to make the issues plain by explaining the vital questions which the jury must decide. Instead of literally reading the pleadings, it is probably better to state the controverted facts in concise form so the jury may more readily comprehend them. Sometimes it is necessary to rescue the ultimate operative facts from the mass of allegations, repetition of admissions, and to state the ultimate claims of the parties in a clear and simple manner as possible to enable the jury to understand the ultimate claims of the parties.

If counsel state their respective claims, denials and defenses as the code designs, there will be less likelihood of failure by the court to state the precise points at issue between the parties. Pursuing such course, exercising care to state concisely and accurately the points in dispute, and giving correct instructions concerning the law applicable to the respective claims of the parties, the irregularities so frequently appearing in the statement of the claims and defenses, and the frequent infractions of the correct rules of pleading will be placed where they belong—in *innocuous desuetude.*

The first ground of the motion to strike out the admission beginning with the words: "The defendant admits" and ending with the words "not herein denied" is sustained.

The denials contained in the first defense are objectionable. Plaintiff "denies that on the 4th day of January, 1922, the plaintiff in obedience to his instructions attempted to go around the "rear end of one of the engines which was being repaired, etc.," is objectionable for the reason that it is in the nature of a negative pregnant, being a denial in the language used in the allegations of the petition, therefore an improper form of denial in the language of the allegations of the petition, and is objectionable for reasons stated by Pomeroy Code Rem. at Section 509 (618). It is a denial of a fact asserted by plaintiff that in obedience to his instructions (he) attempted to go around the rear end of one of which was being repaired.

It seems clear that the forms of denials contained in the first defense are in conflict with the rule stated by Pomeroy as above stated. The denials are not clear and specific.

It may be suggested that it would not conflict with the rules, if defendant should specifically and unequivocally deny that defendant gave instructions to plaintiff to go around the rear end of plaintiff's engine to unhook the steel springs; it denies that plaintiff was acting under a peremptory order given by defendant's shop foreman or boss; it denies that a chunk of steel was thrown from a height of ten feet above plaintiff's head; it denies that such chunk of steel struck plaintiff on top of his head; it denies that plaintiff was injured in the manner claimed and alleged; it denies that plaintiff's head was cut, bruised and lacerated, or that his scalp was laid open, or that twelve stitches were taken in his head; it denies that plaintiff suffered loss of blood and a nervous shock. Such specific denials are much more potent than the unauthorized ones.

Specific denials thus aimed directly at the express allegations, thus separately and specifically and not in repetition, avoids the grouping of the entire allegation in almost the language of plaintiff's allegations, and clearly comes within the rules of pleading, and avoids the objections as stated by Pomeroy at Section 509 (618).

The denials will then constitute an express denial of the specific acts and alleged injuries which plaintiff claims to have sustained.

The allegations of the petition are of several distinct and separate facts, so by framing the separate and distinct denials of the several distinct and separate injuries, there will not then be several and distinct separate acts or occurrences connected by a copulative conjunction; it will not then constitute a traverse in *ipsis verbis* of the same facts as alleged by plaintiff connected by the same conjunction. Specific and separate express denials of each separate claim made by the plaintiff is in compliance with the rules of pleading. Pleas must either *traverse* or *confess* and *avoid*, the matter of the action declared on. And the element of *confession*, in pleas of that class, is as essential as that in avoidance. *Smith* v. *Agee*, 178 Ala., 627, Ann. Cas. 1915B., 129 (1912).

A denial may be general or specific, but in either case it must be specific and unequivocal. A denial of each and every allegation of a petition except that which is admitted is bad. *Starbuck* v. *Dunkle*, 10 Minn., 168, 88 Am. Dec., 68. So is a qualified general denial coupled with an exception "as hereinafter admitted" held to be insufficient to put in issue any of the allegations. *Hensley* v. *Tarter*, 14 Cal., 508; *Levinson* v. *Schwartz*, 22 Cal., 229, 88 Am. Dec., 61; *People* v. *Rener*, etc., *R. R.*, 12 Mich., 389, 86 Am. Dec., 64.

So literal and *conjunctive* denials under our practice and at common law are considered as an admission of all others well pleaded. *De Ro* v. *Cordes*, 4 Cal., 117; Estee's Pl., Sec. 3174.

Critics complain of the alleged technicalities of the law; every trade or profession has its technicalities and appropriately so, for the reason that a technicality is that which is peculiar to any trade or profession, and is essential thereto.

When viewed in its proper light there is no just ground of complaint concerning such alleged technicalities. The technicality required in the science of pleading is that specific denials must be aimed at each assertion of an adversary, and the requirement of the science of pleading is that specific denials must be unequivocal so that the affirmations and denials direct and specific as to each.