## CRAVENS v. DEWEY.

IF in any case one partner can assign to another partner his interest in a firm claim and then become a witness for him, he cannot when the claim is for goods sold and delivered, because this is an unliquidated demand within the Practice Act.

The granting of a nonsuit on the facts is a question of law, and, if the proper exceptions be taken, may be reviewed on appeal without motion for new trial.

Nonsuit not proper where there is any evidence tending to prove the indebtedness.

In a bill of sale of goods sold and delivered a recital that the consideration was paid, is only *prima facie* evidence of that fact, which may be rebutted or explained by parol.

APPEAL from the Fifteenth District.

On the 25th of November, 1857, Goodwin & Cravens being indebted to defendant, Dewey, in the sum of five thousand three hundred dollars, agreed to sell to him their stock of goods, in their store at Spanish Ranch, together with their hogs, cows, mules, etc. The goods, etc. were inventoried and estimated at seven thousand dollars, which was agreed to be the consideration of the sale. A bill of sale was executed by Goodwin & Cravens to Dewey, in which the consideration is thus stated: "For the sum of seven thousand dollars to us in hand paid, in lawful money of the United States, the receipt whereof is hereby acknowledged." Defendant receipted, and delivered to plaintiffs their notes and accounts, amounting to about five thousand three hundred dollars, in part payment of the goods, etc.

Cravens v. Dewey.

sold, but never paid anything more.   Defendant took possession of the goods after the sale, and sold them to third parties.

Plaintiffs sue for the difference between the consideration in the bill of sale, seven thousand dollars, and the indebtedness receipted for, five thousand three hundred dollars.

The Court below nonsuited plaintiff on the ground

*First*—That he had failed to show any contract or agreement on the part of defendant to pay the difference; and,

*Second*—That the bill of sale was unimpeached, and being a contract in writing, could not be impeached unless uncertain in its terms.

*Jas. L. English,* for Appellant.

*First*—The Court below erred in sustaining the objection to the competency of Goodwin as a witness for plaintiff, and in excluding him from testifying in the case.   The demand sued on was not " unliquidated " within Section 4 of the Practice Act as amended by the Act of May 7th, 1855, p. 303.   (Allen *v.* Citizens' Navigation Co. 6 Cal. 402 ; Gray *v.* Garrison, 9 Cal. 325.)

*Second*—The Court below erred in sustaining the motion for and entering a judgment of nonsuit, the evidence adduced by plaintiff being sufficient in law to have entitled him to a judgment for the amount claimed.

The bill of sale, though reciting the consideration as paid, is merely *prima facie* evidence, and may be contradicted by parol proof.   This is true even of a deed.   (1 Green. Ev. Section 305 ; 3 Phillips on Ev. by Cowen & Hill, 384 ; 4 Ib. 583, 584, note 289 ; Shephard *v.* Little, 14 Johns. R. 210 ; Jordan *v.* Cooper, 3 Serg. & Rawle. 564, 580 ; Gulley *v.* Grubbs, 1 J. J. Marsh. 388, 389, 390 ; Belden *v.* Seymour, 8 Conn. 304 ; O'Neal *v.* Hodge, 3 Har. & McHen. 433 ; Hamilton *v.* McGuire's Exs. 3 Serg. & Rawle. 355 ; Weigley's Adm'r *v.* Weir, 7 Ib. 309 ; Wilkinson *v.* Scott, 17 Mass. 257 ; Bowen *v.* Bell, 20 Johns. 338 ; Hutchinson's Heirs *v.* Sinclair, 7 Monroe, 291—293 ; Lingan *v.* Henderson, 1 Bland. Ch. R. 249 ; Watson *v.* Blaine, 12 Serg. & Rawle. 131, 137, 138 ; Hannah *v.* Wadsworth, 1 Root, 458 ; Cone *v.* Tracy, 1 Root, 579 ; Whitbeck *v.* Whitbeck, 9 Cowen, 566, 270 ; McCrea *v.* Purmont, 16 Wend. 460.)

*Bryan & Filkins*, for Respondent.

*First*—Goodwin was properly rejected as an incompetent witness for plaintiff, because he was the assignee of one-half of the account sued on. The suit was for the balance of an account for a stock of goods sold. Section — Practice Act as amended by Act of 1855. The complaint treats the demand sued on as an account, and plaintiff must abide by it. (4 Cal. 400.)

*Second*—The appeal must be dismissed, because no motion for new trial was made in the Court below. The Court will not look into the statement and review facts where no motion for new trial was made. (Ingraham v. Guildemester *et al.* 2 Cal. 284; Garwood v. Simpson, 8 Cal. 108; Dewey v. Bowman, Ib. 148.)

*English*, in reply.

Where the plaintiff is nonsuited on the facts, no motion for new trial is necessary, the action of the Court in granting a nonsuit being a pure question of law. (Pratt v. Hull, 13 Johns. 335.)

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

This action was brought to recover a sum of money due for goods sold by Goodwin and plaintiff, partners, to the defendant, Goodwin assigning his interest to the plaintiff. The case having been tried by the Court a nonsuit was ordered, from which plaintiff appeals. Two errors are assigned :

*First*—That Goodwin, who was offered as a witness for plaintiff, was rejected as incompetent. If in any case one partner can assign to another his interest in a firm claim and afterwards become a witness for him, he could not in this case, for the claim here sued on was clearly an unliquidated demand, within the meaning of the Practice Act.

*Second*—The second error assigned is in granting a nonsuit. A preliminary objection is taken that no motion for a new trial was made. Nor is any necessary. The granting of the nonsuit on the facts, being a pure question of law, which is properly raised on the record for review by exception taken.

The Court, we think, should not have granted a nonsuit. There was *some* evidence tending to prove an indebtedness, by

express contract or implied, from defendant to plaintiff. The fact that the bill of sale recited the consideration as paid did not conclude the plaintiff as to that fact, for it is well settled that such recitals are only *prima facie* evidence, which may be rebutted or explained by parol proof.

Judgment reversed and cause remanded.