[Civ. No. 2840.   First Appellate District, Division One.—March 5, 1919.]

CASIMIRA BELTRAN, Appellant, v. W. J. HYNES, as
Administrator, etc., et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—ACTION TO ENJOIN DISTRIBUTION—
FINAL DECREE.—An action will not lie to enjoin an administrator
from delivering property under a decree of distribution upon the
ground alleged in the complaint that the plaintiff is an illiterate
aged woman, a nonresident, and had no knowledge of the death of
the decedent or of the probate proceedings until long after the time
for an appeal from the decree had expired, there being no claim
that due and legal notice of the hearing of the petition had not
been given nor any claim made of the existence of any fiduciary
relation between plaintiff and defendant, or of the existence of
extrinsic or collateral fraud.

APPEAL from a judgment of the Superior Court of the
City and County of San Francisco.   Thomas F. Graham,
Judge.   Affirmed.

The facts are stated in the opinion of the court.

Bradley V. Sargent and Vincent Surr for Appellant.

Cullinan & Hickey, S. M. Shortridge, A. E. Bolton and
Chas. S. Peery for Respondents.

KERRIGAN, J.—This is a suit in equity to enjoin an
administrator from delivering certain property to defendant
under a decree of distribution.

The trial court sustained a demurrer to the complaint with-
out leave to amend, and discharged an order to show cause why

a preliminary injunction should not issue. The appeals are from such judgment and order.

From the record it appears that Juana Beltran de Marshall died testate on July 7, 1912, and that a decree was entered in her estate distributing the property to defendant Jose Maria Beltran, a nephew of deceased. This decree was entered January 5, 1916, and was subsequently affirmed on appeal. This action was brought to enjoin the administrator from delivering the property under the decree, and for judgment that Jose Maria Beltran holds the title thereto in trust for plaintiff.

By her complaint plaintiff alleges herself to be a niece of decedent, and recites that she is an illiterate single woman eighty-four years of age, and that she is a resident of the village of Cosala, in the Republic of Mexico, and that she never heard of or knew of the death of Juana Beltran de Marshall, or of the judgment for the distribution of her estate, until long after the time for appeal from said judgment had elapsed. She further alleges that defendant Beltran did not notify her of the death of decedent or of the proceedings on distribution.

[1] No claim is made that due and legal notice as provided by law was not given of the hearing of the petition for distribution, nor is there any claim of the existence of any fiduciary relation existing between plaintiff and defendant, or of extrinsic or collateral fraud. Under these circumstances the demurrer was rightfully sustained. Defendant was under no legal duty to notify plaintiff of the death of deceased, even assuming that he knew the plaintiff (*Mulcahey* v. *Dow,* 131 Cal. 73, [63 Pac. 158]); and proper notice having been given of the hearing, plaintiff is barred by the decree. (*Langdon* v. *Blackburn,* 109 Cal. 19, [41 Pac. 814]; *Warren* v. *Ellis,* 39 Cal. App. 542, [179 Pac. 544].)

Affirmed.

Waste, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1919.

All the Justices concurred.