[Civ. No. 3400. First Appellate District, Division One.—September 1, 1920.]

## EMMA MONK et al., Respondents, v. GEORGE MORGAN et al., Appellants.

[1] ESTATES OF DECEASED PERSONS—CONSTRUCTIVE NOTICE—CONCLUSIVENESS OF PROCEEDING.—The proceeding for the probate of an estate is in the nature of a proceeding *in rem* and by the giving of the notices directed by the statute the entire world is called before the court, and the court acquires jurisdiction thereby over the estate and all persons for the purpose of determining their rights to any portion of the estate, and by virtue thereof every person who may assert any right or interest in the estate is required to present his claim to the court for its determination, and whether he appear and present his claim or fail to so appear the action of the court is equally conclusive upon him.

[2] ID. — DEFECTIVE CONSTRUCTIVE NOTICE — RIGHT TO ATTACK PROCEEDINGS.—Where by reason of any defect in the procedure attending the issuance or giving of such constructive notice as is required to be given to give the court jurisdiction, the parties did not receive such constructive notice, all subsequent action of the court based thereon is subject to attack either in that or in a later equitable proceeding.

[3] ID.—NOTICE OF PROCEEDINGS—EXTENT OF DUTY OF ADMINISTRATOR AND HEIR.—An administrator and an heir does not, in either capacity, owe to his coheirs any further duty in the way of informing them either of the death of the intestate, or of the fact of his appointment as administrator, or of the various steps taken by him as such administrator or by the court, than that afforded to them through the giving of the notices required by law to be given during the administration.

[4] ID.—DISTRIBUTION—FALSE TESTIMONY — INTRINSIC FRAUD. — The conduct of an administrator and an heir and that of a coheir in committing a fraud upon the court by giving false testimony that they were the only persons entitled to share in the distribution of the estate constitutes intrinsic fraud from the effect of which the other heirs cannot have relief in a court of equity.

[5] ID. — REMITTANCE TO NONRESIDENT HEIR — EXTRINSIC FRAUD — TRUST.—The conduct of an administrator and an heir and that of a coheir in sending a remittance to another heir who resided outside of the state, in such a manner as to justify the latter in believing that the intestate was still living, was extrinsic fraud which entitled the defrauded heir and other heirs to have a trust impressed upon the distributed property in their favor.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Geo. A. Sturtevant, Judge. Affirmed.

The facts are stated in the opinion of the court.

Frank J. Murphy for Appellants.

Maurice R. Carey for Respondents.

RICHARDS, J.—This is an appeal from a judgment in favor of the plaintiffs in an action brought by them against the defendants to impress a trust in plaintiffs' favor upon certain property which had been distributed to the defendants by a decree of distribution in the *Matter of the Estate of Henrietta M. Cox, Deceased,* the basis of said action being certain alleged fraudulent acts and conduct on the part of said defendants during the course of probate of said estate.

The averments of the plaintiffs' complaint in that regard may be summarized as follows: Henrietta M. Cox died intestate on April 3, 1915, at Long Beach, California, where she had resided for a number of years, leaving an estate consisting of real and personal property and having for her sole surviving heirs her first cousins, the plaintiffs and defendants in this action. The defendants at the time of the death of said Henrietta M. Cox were living in California and at or near the place of her decease. The plaintiffs then and for many years prior thereto lived at several places in or near the city of Brooklyn, state of New York. Shortly after the death of Henrietta M. Cox the defendant, George Morgan, filed a petition for letters of administration upon the estate of said decedent and for his appointment as the administrator of said estate, and in his said petition asserted that his sister and codefendant, Louisa Arnold, and himself were the sole surviving first cousins, next of kin and heirs at law of said decedent. Having been appointed such administrator he proceeded with the administration of said estate up to and including the distribution thereof, in his petition for which he again alleged that his said sister and himself were the sole surviving next of kin and heirs at law of Henrietta M. Cox, and as such entitled to distribution to themselves of the whole of said estate. At all times

during the progress of the administration of said estate, whenever it was requisite so to do, the said defendant, George Morgan, testified in support of these averments of his several petitions, and during all of said times suppressed and concealed from the probate court wherein such administration of said estate was being had the fact that the plaintiffs herein were also first cousins, next of kin and heirs at law of said decedent, and as such were entitled to have distributed to them their proportionate share of her estate. The plaintiffs allege that these various acts of fraud and concealment and perjury on the part of said defendant, George Morgan, were committed in the course of a conspiracy and agreed collusion between himself and his codefendant, having for its purpose the perpetration of a fraud upon said court and upon the plaintiffs herein, as a result of which said plaintiffs were defrauded out of their just share in said estate.

The defendants demurred to the plaintiffs' complaint setting up the foregoing averments as to the defendants' conspiracy, fraud, and concealment in connection with the administration of said estate, and the complaint was several times amended. In their second amended complaint the plaintiffs for the first time inserted averments to the effect that during the course of the administration of said estate the said defendant, George Morgan, had caused to be sent to one Henrietta Morris at Southampton, Long Island, state of New York, a certain remittance in the sum of sixty dollars in the form of a draft, which did not disclose on its face from whom it came, but which appeared to be the last of a course of annual remittances of a like amount which the decedent, Henrietta M. Cox, had been accustomed to send during the month of September of each year to said Henrietta Morris, who was her second cousin; and said plaintiffs alleged that the sending of said remittance by said George Morgan was done in such a manner as to induce said Henrietta Morris to believe that said Henrietta M. Cox was still alive, and was sent with intent to induce such belief, and that the same did induce said Henrietta Morris to believe that Henrietta M. Cox was still alive, and was sent with the intent of keeping, and did keep, said Henrietta Morris in ignorance of the death of said Henrietta M. Cox, thereby preventing her from communicating or causing to be com-

municated to the plaintiffs herein, who resided in her vicinity, any knowledge or notice of the death of said Henrietta M. Cox and of the fact that her estate was being administered upon, until such time as a decree of distribution therein had been made and had become final.

To the averments of the plaintiffs' pleading as finally amended the defendants made their specific denial, and the cause proceeded to trial upon the issues thus presented. Much testimony was produced on both sides in relation to the alleged fraudulent acts of the defendants; and upon the conclusion of the trial and the submission of the cause the trial court made its findings of fact in favor of the plaintiffs substantially sustaining the averments of their second amended complaint with respect to the several acts of collusion, conspiracy, fraud, and concealment alleged to have been committed by them during the course of the probate of said estate. In respect to the averments of the plaintiffs' second amended complaint concerning the sending of said remittance to said Henrietta Morris, the court made the following finding of fact:

"That it is true that after the death of Henrietta M. Cox, deceased, and prior to the first day of October, 1916, defendant, George Morgan, did voluntarily and without any request, order or claim of any kind being made therefor, make a remittance in the sum of sixty dollars to Henrietta Morris at Southampton, Long Island, state of New York; that said defendants, George Morgan and Louisa Arnold, at the time said remittance was made as aforesaid, did each know that said Henrietta Morris was a surviving second cousin of said Henrietta M. Cox, deceased, and related as a second cousin to each of the plaintiffs above named and defendants, George Morgan and Louisa Arnold; that said remittance was made by said George Morgan as aforesaid in such a manner and with the intent and design to induce and which did induce said Henrietta Morris to believe that said Henrietta M. Cox was still alive, and to keep and which did keep said Henrietta Morris in ignorance of the death of Henrietta M. Cox, and thereby preventing and which did prevent said Henrietta Morris from communicating or causing to be communicated to plaintiffs above named or either of them notice of the death of said Henrietta M. Cox, deceased, until after said decree of distribution had become

final; and such remittance was so made and said defendant, George Morgan, did conduct himself and affirmatively act for the purpose of keeping each of said plaintiffs in ignorance of the death of said Henrietta M. Cox, deceased, and that her estate was being administered upon and distributed, as well as all proceedings taken or resorted to in connection with the administration of said estate . . . ''

Judgment of the trial court following said findings of fact was in favor of the plaintiffs decreeing that the defendants George Morgan and Louisa Arnold took and held the property of the estate of Henrietta M. Cox awarded to them by the decree of distribution therein charged with a trust in favor of the plaintiffs Emma Monk and Lydia Y. Wallwork to the extent of a one-fourth interest in favor of each in said estate, and for an accounting thereof and in relation to the properties affected thereby, and the rents, issues, and profits thereof, to said plaintiffs. From such judgment the defendants have prosecuted this appeal.

The contention of the appellants herein is threefold: First, that the second amended complaint of the plaintiffs herein upon which said cause went to trial failed to make out a cause of action based upon extrinsic fraud, and hence that the demurrer to said complaint should have been sustained; second, that the findings of the court show that the defendants' fraud, if any such was proven, was intrinsic, and that such findings were for that reason insufficient to support the judgment; and third, that the evidence in the case is insufficient to sustain the findings of the court. For these several reasons the appellants contend that the judgment should be reversed and that a judgment in favor of the defendants should be rendered and entered herein.

Before entering upon the discussion of the questions raised by the foregoing contentions, it may be well to touch upon certain matters discussed by respective counsel in their briefs and arguments before this court, since these have their bearing upon the application of certain cases cited by respective counsel in support of their respective contentions. In entering upon this preliminary discussion it is to be noted that the plaintiffs do not assert in their pleadings nor attempt to show by their proof that any or all of the probate notices required to be given in the course of the probate of the estate were not duly and regularly

given in accordance with the law relating to the giving of the same. [1] The proceeding for the probate of an estate is, under our statutes, in the nature of a proceeding *in rem;* and this being so, it has been frequently held that by the giving of the notices directed by the statute the entire world is called before the court and the court acquires jurisdiction thereby over the estate and over all persons for the purpose of determining their rights to any portion of the estate, and that by virtue thereof every person who may assert any right or interest in said estate is required to present his claim to the court for its determination; and that whether he appear and present his claim or fail to so appear the action of the court is equally conclusive upon him (*William Hill Co.* v. *Lawlor,* 116 Cal. 359, [48 Pac. 323]; *In re Griffith,* 84 Cal. 113, [23 Pac. 528, 24 Pac. 381]; *Estate of Aldrich,* 147 Cal. 343, [81 Pac. 1011]; *Lynch* v. *Rooney,* 112 Cal. 279, [44 Pac. 565]; *Estate of Leonis,* 138 Cal. 194, [71 Pac. 171]; *Estate of Allen,* 176 Cal. 632, [169 Pac. 364]; *Cunha* v. *Hughes,* 122 Cal. 111, [68 Am. St. Rep. 27, 54 Pac. 535]; *In re Maxwell,* 74 Cal. 384, [16 Pac. 206]; *Warren* v. *Ellis,* 39 Cal. App. 542, [179 Pac. 544]; *Beltran* v. *Hynes,* 40 Cal. App. 177, [180 Pac. 540]; *Mulcahey* v. *Dow,* 131 Cal. 73, [63 Pac. 158].) [2] On the other hand, it has been held that where, by reason of any defect in the procedure attending the issuance or giving of such constructive notice as is required to be given, either in probate or other cases, to give the court jurisdiction, the parties affected did not receive such constructive notice, all subsequent action of the court based thereon is subject to attack either in that or in a later equitable proceeding. Such are the cases of *Dunlap* v. *Steere,* 92 Cal. 344, [27 Am. St. Rep. 143, 16 L. R. A. 361, 28 Pac. 563]; *Parsons* v. *Weis,* 144 Cal. 420, [77 Pac. 1007]; and *Doyle* v. *Hampton,* 159 Cal. 733, [116 Pac. 39]; in each of which cases the procedure for acquiring jurisdiction over the parties affected by such constructive notice as was required to be given was defective.

In the instant case, however, it cannot be contended on the part of the respondents that the probate court did not acquire full jurisdiction over them and over their interest in said estate through the giving in due form of the probate notices required to be given by posting during the several stages in the probate of said estate in which, through the

false and fraudulent pleadings on the part of the administrator and the false testimony given by him in support thereof, the probate court was misled and the interests of said plaintiffs were injuriously affected.

[3] It may be further stated *in limine* that the defendant, George Morgan, either in his capacity as a coheir with said plaintiffs in said estate or in his capacity as administrator thereof, owed to the plaintiffs herein no further duty in the way of informing them either of the death of Henrietta M. Cox or of the fact of his appointment to be the administrator of her estate, or of the various steps taken by him as such administrator or by the court in such administration up to and including the entry of the decree of distribution therein, other than that which would have been afforded to them, and each of them, through the giving of the notices required by law to be given during such administration, and which having been duly given constituted constructive notice to said plaintiffs as to the death of the decedent and as to all proceedings taken and had in the course of the administration of her estate. (*Mulcahey v. Dow, supra; Beltran v. Hynes, supra.*)

These preliminary matters having been thus disposed of, we are brought face to face with the main questions which have been presented and strongly urged by the appellants in their elaborate and very well presented briefs upon this appeal. The first of these questions is as to whether the defendants' alleged acts and conduct in presenting to the probate court the petition of the defendant Morgan to be appointed administrator of said estate, and the subsequent acts and conduct of said Morgan, concurred in by his codefendant, during the course of administration of said estate, wherein it was repeatedly and falsely asserted and repeatedly and falsely testified to by said Morgan that he and his sister were the sole heirs of Henrietta M. Cox, deceased, by which continuous course of false and fraudulent assertions and concealments the said court had kept from it all knowledge of the existence and rights of the plaintiffs as heirs of said decedent and as persons equally entitled with said defendants to have distributed to them the undivided one-half of said estate, constituted such extrinsic fraud as would have entitled the trial court sitting as a court of equity in the instant case

to render the decree which it did render in favor of the plaintiffs herein.

This question is not free from difficulty, for while it must be conceded that the defendants herein owed to the plaintiffs herein no further duty in relation to the probate of said estate than that which was fully performed by the administrator thereof in causing to be given from time to time the probate notices required by law, it must also be conceded—or at least must be held to have been sufficiently supported by the evidence in the case to justify the court's finding—that the plaintiffs at no time during the probate of said estate had any actual knowledge either of the death of Henrietta M. Cox or of the fact of said probate proceedings or of any of the steps being taken therein, and that their first actual knowledge of these facts was of a date after such decree had become final, and that by reason of their total lack of such notice or knowledge they had no opportunity to present themselves in the probate court and to there resist the fraudulent designs of said defendants to secure to themselves the whole of said estate. The respondents contend that upon the showing and finding of this absence of actual knowledge in respect of the foregoing matters, and of the necessary absence, therefore, of any opportunity on their part to appear in court during the various stages of the probate of said estate to resist the defendants' fraudulent claims and to expose to the court their false and fraudulent assertions and concealments therein, there was at no time an actual issue, contest, or trial before said probate court as to the respective rights of the parties to this case in and to the estate of Henrietta M. Cox, deceased; and they therefore urge that the case of *Pico* v. *Cohn,* 91 Cal. 129, [25 Am. St. Rep. 159, 13 L. R. A. 336, 25 Pac. 970, 27 Pac. 537], and the other cases in the main above cited, upon which the appellants strongly rely, are not to be given application to the case at bar. [4] While there is much cogency in this contention we are constrained to hold, in the light of the foregoing cases so relied upon by the appellants herein, that were the respondents to place their reliance solely upon the fact that the defendants herein, in seeking and proceeding with the probate of said estate, indulged in the various acts and assertions and engaged in the giving of the false testimony attributed to them,

49 Cal. App.—11

and thereby so far imposed upon the court as to induce it to make and enter its decree of distribution giving to said defendants the whole of said estate to the exclusion of the plaintiffs herein equally entitled to an undivided one-half thereof, they could not be held to have made a sufficient showing herein to have justified the judgment in their favor, since all of the aforesaid acts and conduct of the defendants must be held, in the light of the foregoing authorities, to have constituted intrinsic fraud from the effect of which the plaintiffs cannot have relief in a court of equity.

[5] The respondents herein, however, do not rely solely upon the foregoing facts in relation to the false and fraudulent pleadings and proofs of the defendants during the progress of the probate proceedings; but they set forth and rely upon the additional facts to which we have above adverted in relation to the sending of the remittance for sixty dollars to Henrietta Morris while the estate was in process of probate, and which it is claimed had the purpose and effect of concealing from Henrietta Morris and from these plaintiffs the fact of the death of Henrietta M. Cox, and hence the fact that any proceedings in probate were pending, thereby beguiling these eastern relatives and heirs of Henrietta M. Cox into the belief that she was still living, and thus preventing them from appearing in the probate court to contest the defendant's false and fraudulent assertions and to claim their rightful share in her estate. We are satisfied, from a careful examination of the record herein, that the finding of the trial court upon this episode which is above set forth in part finds full support in the evidence in the case; from which it appears that the draft in question was sent to Henrietta Morris at just that time of the year at which remittances in similar amounts had been theretofore regularly and annually transmitted by Henrietta M. Cox while alive. It was sent by the defendant, George Morgan, while he was administrator of the estate, and its amount was charged by him against the estate in his final account. The draft, however, upon its face did not purport to come from him as such administrator, nor from him at all in fact, nor was there anything about it to indicate that it was not a bank draft procured and sent by Henrietta M. Cox while still living; nor was the remittance accompanied by any letter or other indication

showing that she was dead or that it was being sent by the administrator of her estate. The receipt of this draft by Henrietta Morris resulted in the sending of a letter by her addressed to Henrietta M. Cox, which in both its direction and substance showed that Henrietta Morris believed that Henrietta M. Cox was still living and in conformity with her annual custom had transmitted to her said remittance. To this letter, which George Morgan received in his capacity as administrator, he made no reply. These facts, taken in connection with the additional facts that Henrietta Morris lived in such propinquity to the plaintiffs herein and to other of the eastern relatives of Henrietta M. Cox that had the sending of this remittance been attended by any letter or other indication showing the fact of her death and of the pending probate of her estate such facts would have been transmitted to the eastern relatives of Henrietta M. Cox and to these plaintiffs, who, having thus received actual notice and knowledge of the death of Henrietta M. Cox, would have been in a position to make their timely appearance in the probate court and set forth their claims to an interest in her estate.

The trial court has found, as we have seen, that the acts and conduct of George Morgan in relation to the sending of this remittance were undertaken with the fraudulent design on his part of concealing the fact of the death of Henrietta M. Cox and of the pending proceeding in probate for the administration of her estate from her eastern heirs, and of thus preventing them from making their timely appearance in the probate court to contest his false and fraudulent representations being made therein, and to claim and prove their right to receive in distribution an undivided one-half of the decedent's estate. There can be no question but that such acts and conduct on the part of the defendant herein, done with the knowledge and concurrence of his codefendant, and having the effect which they are thus found by the court to have had, would constitute extrinsic fraud within the definition of that term found in the case of *Pico* v. *Cohn, supra,* and in the long line of later decisions, most of which are above cited and which follow and restate the doctrine declared in that early case. We are, therefore, of the opinion that the contention of the plaintiffs in relation to the matters last above considered was sufficiently

pleaded, amply proven, and correctly found by the trial court, and that the same constitute such a sufficient showing of extrinsic fraud on the part of the defendants herein as to justify and uphold the judgment entered herein and from which this appeal has been taken. The judgment will therefore be affirmed.

Welch, J., *pro tem.*, concurred.

WASTE, P. J., Concurring.—I concur. The defendant Morgan, as administrator of the estate of Henrietta M. Cox, deceased, occupied a trust relation toward the plaintiffs, who were entitled to share in the estate. (*Robins* v. *Hope,* 57 Cal. 497.) Other than the plaintiffs, he and his sister, the defendant Louisa Arnold, were entitled to distribution to themselves of the whole of the estate. That was what they were seeking. Whatever they could withhold from the plaintiffs was so much gained to them. The action of Morgan, fully described in the majority opinion, was a device intended to prevent the plaintiffs from submitting their claims to the probate court for determination. It was extrinsic fraud which entitled the plaintiffs to the intervention of a court of equity to set aside the decree, or, as is being sought here, to impress the property with a trust in plaintiffs' favor. (*Bacon* v. *Bacon,* 150 Cal. 483, 489, [89 Pac. 317].)

A petition for a rehearing of this cause was denied by the district court of appeal on October 1, 1920, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 28, 1920.

All the Justices concurred.