[Civ. No. 11709.   First Dist., Div. One.   Feb. 10, 1942.]

PHILIP R. THAYER, Individually and as Executor, etc.,
   Respondent, v. EMMA BELLE MUTCHMOR FISH,
   Individually and as Executrix, etc., Appellant.

Wm. B. Chaplin for Appellant.

Clarence E. Todd and Robert E. Hatch for Respondent.

PETERS, P. J.—Defendant appeals from a judgment of the trial court setting aside the final decree of distribution in the estate of John T. Mutchmor, imposing a trust in favor of plaintiff on the estate as distributed to defendant, and awarding a judgment against the estate for the amount of plaintiff's claim and against the defendant executrix individually. The plaintiff's theory is that the decree of distribution in John T. Mutchmor's estate was procured as the result of the fraud or mistake of the defendant executrix who, it is claimed, concealed from, or at least failed to disclose to, the probate court at the time of distribution the fact that plaintiff had a suit then pending on a claim against the estate which had been rejected by defendant as executrix of the estate.

The facts as found by the trial court, and concerning which there is no material dispute, are as follows:

On July 10, 1917, I. E. Thayer recovered judgment in Alameda County against John T. Mutchmor in the sum of $400 together with costs assessed at $8.50. Although the evidence and the inferences therefrom were in conflict, the court found that the judgment has never been paid. In May, 1918, I. E. Thayer died, and, in due course, the judgment was distributed to Philip R. Thayer, plaintiff in the present action. In May, 1931, John T. Mutchmor died, and, in due course, his wife, who has since remarried and who is the defendant in the instant case, was appointed executrix of his estate. After publication of notice to creditors, plaintiff secured from the superior court

an order under § 685 of the Code of Civil Procedure authorizing the enforcement of the judgment. By obvious typographical error this order read that such judgment could be enforced against the estate of Thayer rather than the estate of Mutchmor. At the time of the present trial the court granted plaintiff's request to amend the order on its face to insert the name of Mutchmor in place of Thayer. Appellant in a supplemental brief which the court directed to be filed on an entirely different point, for the first time raised the point that the court improperly permitted the amendment. ■ For the purposes of this appeal we may assume that the trial court properly permitted the error to be corrected. This would seem to be the law. (*Estate of Goldberg,* 10 Cal. (2d) 709 [76 Pac. (2d) 508].)

After securing permission to enforce the judgment, plaintiff filed a claim in the estate of Mutchmor together with a copy of the order above-mentioned. No action was taken on that claim until April 20, 1936, on which date defendant, as executrix, executed a notice of rejection of the claim. This notice was served on plaintiff May 6, 1936. Under the law the plaintiff had three months after receipt of that notice to file his action on the rejected claim. (§ 714, Probate Code.)

■ On July 14, 1936, two months and eight days after receipt of the notice of rejection, plaintiff filed an action on the rejected claim against defendant as executrix of Mutchmor's estate in the Justice's Court of Oakland Township, Alameda County. The trial court found that defendant was then, and for many years prior thereto had been, a resident of Brooklyn Township in said county. ■ The proper township to have tried this action was the township of the residence of the executrix. (*Vickerson* v. *Wehr,* 42 Cal. App. (2d) 678 [109 Pac. (2d) 743] ; § 395, Code of Civ. Proc.)

■ Two process servers visited defendant's home on several occasions but were unable to find defendant at home. Defendant at that time was, and for many years prior thereto had been, a teacher in the Oakland public schools. No effort was made by plaintiff's counsel to notify counsel for defendant of the pendency of the justice court suit, although the two lawyers had been in communication with each other concerning the claim. Process was finally served on defendant as executrix on September 30, 1936. Prior to this date, however,

on August 19, 1936, three months and thirteen days after the service of notice of rejection of the claim, defendant filed her petition for final distribution. The petition referred to the claim filed by plaintiff, alleged that such claim had been rejected and then alleged that "more than three months have elapsed since the service of such notice of rejection, and no suit has been filed thereon." The final decree of distribution was presented to, and signed by, the probate court on September 15, 1936, the court not being advised on that date of the pendency of plaintiff's action. The entire estate was distributed to defendant.

The complaint alleged that there was a fraudulent concealment from the probate court of the fact that plaintiff had filed suit on the rejected claim. The complaint refers to the allegation that no action had been filed as "false and fraudulent," and as a "wilful and fraudulent concealment." The trial court, however, simply found that the probate court was not advised that suit was pending. There is no finding of fraud or wilful concealment. In fact, the evidence would not sustain such a finding. Neither defendant nor her counsel knew that the action had been filed on the claim. Defendant's counsel testified that before preparing the petition for the final decree of distribution he telephoned to the clerk of the justice's court in Brooklyn Township where defendant resided and was informed that no action had been filed.

As already pointed out, the trial court not only imposed a trust on the property distributed to defendant, but also set the final decree of distribution aside and granted a personal judgment against defendant. ▉ It would seem doubtful whether the trial court had power to set the decree aside or to grant a personal judgment against the defendant. The general rule seems to be where extrinsic fraud or mistake is shown that the relief granted is limited to imposing a trust on the estate distributed for the benefit of those entitled. (11B Cal. Jur. 806, § 1301; *Simonton* v. *Los Angeles Trust etc. Bank,* 192 Cal. 651 [221 Pac. 368]; *Estate of Walker,* 160 Cal. 547 [117 Pac. 510, 36 L. R. A. (N. S.) 89]; *Sohler* v. *Sohler,* 135 Cal. 323 [67 Pac. 282, 87 Am. St. Rep. 98]; *Mulcahey* v. *Dow,* 131 Cal. 73 [63 Pac. 158]; but see 15 Cal. Jur. 32, § 130; *Baker* v. *O'Riordan,* 65 Cal. 368 [4 Pac. 232]; *Bacon* v. *Bacon,* 150 Cal. 477 [89 Pac. 317].) Whatever the proper rule should be in such cases, we are of the opinion that in this

case the trial court was in error in granting any relief to the plaintiff.

Plaintiff argues that, under the facts, defendant was guilty of extrinsic fraud or mistake, it being recognized that one of these must exist in order to grant any relief to plaintiff. The problem as to what constitutes extrinsic fraud or mistake sufficient to warrant an equity court in granting relief from a final judgment has been discussed in *Hewett* v. *Linstead, ante,* page 607 [122 Pac. (2d) 352], this day filed. No useful purpose would be served by repeating what was said in that opinion. From the cases therein cited it is apparent that the facts above set forth are not sufficient to support the theory of plaintiff that either extrinsic fraud or mistake was shown. It is obvious that defendant acted in good faith. She gave the statutory notice of the hearing for distribution required by § 1200 of the Probate Code. That section only requires posted notice. While plaintiff argues that it would have been a simple matter for defendant's counsel to have telephoned to his counsel and to have asked whether suit had been filed, certainly no duty is imposed on an executrix to communicate with each claimant who has had his claim rejected before filing a petition for distribution. Moreover, it would have been an equally simple matter for plaintiff to have filed a request for special notice as provided by § 1202 of the Probate Code. In that event plaintiff would have had ample time to have advised the probate court of the pendency of his suit before the decree of distribution was entered. Moreover, defendant's counsel did make inquiry of the clerk of the court located in the township where defendant resided. Even if the defendant was under some duty to make inquiry, was that duty not performed when inquiry in the township of the residence of the executrix was made? Can it be the law that an executrix must not only make inquiry in the county or township where she resides, but also in other counties and townships? I think not. In the present case, the attorney for plaintiff could easily have protected his client against the very situation that arose by either filing the notice above mentioned, or by notifying the attorney for defendant of the filing of the action. Certainly there was no greater duty on the attorney for defendant to notify the attorney for plaintiff, than there was on defendant's counsel. Such a situation falls far short of a showing of extrinsic fraud or mistake.

Plaintiff relies on the case of *Zaremba* v. *Woods*, 17 Cal. App. (2d) 309 [61 Pac. (2d) 976], as supporting his contention. A study of that case demonstrates that it involved an entirely different problem from that presented in the instant case. There the fraud consisted of the wilful concealment of the heirs of decedent. There the sole legatee of a will secured by his undue influence falsely and fraudulently represented in his petition for probate that the decedent had no heirs when he had actual knowledge that the decedent had a brother living in Chicago. This, of course, prevented the statutory notice being given the brother. Clearly, such wilful concealment constituted extrinsic fraud, but in the present case there is no evidence of any knowledge on the part of defendant that a suit had been filed when she filed the petition for final distribution The other cases cited by plaintiff such as *Purinton* v. *Dyson,* 8 Cal. (2d) 322 [65 Pac. (2d) 777, 113 A. L. R. 1230] ; *Sohler* v. *Sohler, supra; Simonton* v. *Los Angeles Trust etc. Bank, supra,* and *Scott* v. *Dilks,* 47 Cal. App. (2d) 207 [117 Pac. (2d) 700], involved situations where the person making the false statement knew it was false and made it for the purpose of preventing the court from considering the rights of other parties. No case has been cited that holds that where all statutory notices are given, and where no duty because of relationship exists, and where the injury was caused as much by the fault of one party as the other, that an equity court possesses the power to declare a trust. There are many cases that hold where the distributee represents in good faith that there are no other heirs, and certainly a creditor stands in no stronger position than an heir, the equity court is without power to grant relief. (*Mulcahey* v. *Dow, supra; Monk* v. *Morgan,* 49 Cal. App. 154 [192 Pac. 1042] ; *Lynch* v. *Rooney,* 112 Cal. 279 [44 Pac. 565] ; *Beltran* v. *Hynes,* 40 Cal. App. 177 [180 Pác. 540].) It is the knowing suppression of the true facts with intent to defraud that is the gist of the action.

For the foregoing reasons it is quite apparent that under the facts plaintiff was entitled to no relief. The judgment appealed from is reversed.

Knight, J., and Jones (B. C.), J. pro tem., concurred.

A petition for a rehearing was denied March 12, 1942, and respondent's petition for a hearing by the Supreme Court was denied April 2, 1942. Carter, J., voted for a hearing.