[Civ. No. 14644.   Second Dist., Div. Three.   Apr. 19, 1945.]

Estate of EDWARD E. WILCOX, Deceased. ZOA BEATTY, Appellant, v. CHARLES W. WILCOX, as Executor, etc., Respondent.

Ben Koenig and Aaron B. Rosenthal for Appellant.

Philbrick McCoy for Respondent.

FOX, J. pro tem.—This is an appeal from an order settling the first and final account of Charles W. Wilcox, executor of the estate of Edward E. Wilcox, deceased, and granting his petition for distribution. Objections were interposed by Zoa Beatty, who asserted a claim against the estate. The account, however, was settled and distribution ordered without any provision being made for her claim. She has appealed from said order and the whole thereof.

Edward E. Wilcox died testate in Los Angeles County on June 15, 1943. Appellant on September 30, 1943, filed her amended claim for $647.36, the alleged balance due her for services rendered to him as nurse and housekeeper. The executor, Charles W. Wilcox, allowed this claim in part only, namely, for $217.87. On November 12, 1943, appellant filed an action on her claim for $647.36 in the Municipal Court of Los Angeles. The defendants were Charles W. Wilcox, individually and as executor of said estate. Summons and complaint were served on the defendant November 29, 1943. He filed his answer on December 15, 1943. The action was set for trial for March 13, 1944. No notice of the pendency of said action was filed in the probate proceedings within ten days after the filing of the complaint, as provided by the 1941 amendment of section 714 of the Probate Code. On February 4, 1944, respondent filed his first and final report and account as executor and his petition for final distribution. In his petition respondent recited the foregoing facts with respect to said municipal court action, and the failure of appellant to file notice of the pendency of said action in the probate proceedings.

Appellant filed her written objections to said report and account and petition for final distribution, on the ground that the executor had made no provision therein for the payment

of her claim or the setting aside of any money of the estate with which to pay same, and had not paid into court the amount of said claim, to be paid over to her in the event she became entitled thereto. Her objections were overruled. The executor's final account was then settled and approved and final distribution ordered without making any provision for appellant's claim.

The material portion of section 714 of the Probate Code, with the 1941 amendment in italics, reads as follows: "When a claim is rejected either by the executor or administrator or by the judge, written notice of such rejection shall be given by the executor or administrator to the holder of the claim or to the person filing or presenting it, and the holder must bring suit in the proper court against the executor or administrator, within three months after the date of service of such notice if the claim is then due, or, if not, within two months after it becomes due; otherwise the claim shall be forever barred. *Within ten days after the filing of such complaint the plaintiff shall file or cause to be filed in the estate proceedings, in the office of the clerk of the court in which the estate proceedings are pending, a notice of the pendency of such action. If such notice is not filed within said period, the executor or administrator shall incur no liability whatsoever by reason of any distribution of the estate. Personal service of a copy of the summons and complaint upon the executor or administrator within said period is equivalent to the filing of such notice. . . .*" (Italics added.)

Appellant contends that the 1941 amendment to section 714 of the Probate Code operates purely as a statute of *lis pendens* and that since the executor had actual notice of the pendency of the municipal court action on her claim, prior to filing his final report and account and petition for final distribution, it was not necessary for her to comply with the provisions of said amendment. Respondent, however, contends that the amendment is in effect a statute of limitations and that since appellant failed to comply with its provisions she can no longer enforce her claim against the estate and that therefore final distribution can be made without any provision for paying or securing appellant's claim and without any liability being incurred by the executor with respect thereto. In our opinion appellant's position is correct.

The primary problem here is one of legislative inten-

tion. That is to be sought first in the language used by the Legislature, but, as·was said in *California Drive-In Restaurant Assn.* v. *Clark* (1943), 22 Cal.2d 287, 292 [140 P.2d 657, 147 A.L.R. 1028], "The purpose and object sought to be accomplished by legislation is an important factor in determining the legislative intent." ▮ In construing a remedial statute, which this amendment clearly is, "reason must have its just proportion" (*County of Los Angeles* v. *Frisbie* (1942), 19 Cal.2d 634, 639 [122 P.2d 526]), and " 'the courts will not blindly follow the letter of a law, when its purpose is apparent.' " (*Jordt* v. *State Board of Education* (1939), 35 Cal.App.2d 591, 595 [96 P.2d 809].)

▮ The apparent purpose of the 1941 amendment to section 714 of the Probate Code was to provide protection to an executor or administrator in the final distribution of the estate against liability on a rejected claim on which suit had been filed but summons and complaint had not been served and about which he had no knowledge. Before this amendment it was possible for an executor or administrator to close an estate in good faith believing that all claims had been disposed of and later find proceedings to set aside the orders settling his accounts and distributing the estate initiated by the holder of a rejected claim on which suit had been filed in time but in which summons and complaint had not been served. Such an executor or administrator might even be faced with an action to hold him personally liable for the amount of the claim. (See *Thayer* v. *Fish* (1942), 49 Cal.App.2d 618 [122 P.2d 358].) To protect fully against these hazards required a search of the pending actions in the local courts or contacting the holders of all rejected claims. This placed an undue burden on the representative of an estate. There is much more reason for placing upon the holder of a rejected claim the responsibility of furnishing the information ·that an action has been filed thereon. That in effect is what the amendment to section 714, Probate Code, sought to accomplish. The important thing is that the executor or administrator should have notice or knowledge of the pendency of the action on the rejected claim before he files his final account and has the estate finally distributed. That purpose was accomplished in this case because summons and complaint were served on the executor seventeen days after the action was filed. He filed his answer approximately two

weeks thereafter and more than a month and a half prior to filing his final report and account and petition for distribution. The amendment therefore should not operate to bar appellant's claim since the purpose of the amendment, namely, to give notice to the executor of the pendency of the action on the rejected claim had been accomplished. As thus construed the amendment is in harmony with sections 953 and 956 of the Probate Code which contemplate that the claims against an estate shall either be paid or provision made therefor before final settlement and distribution of the estate.

■ If the Legislature had intended that the amendment should operate as a statute of limitations and that the failure of the claimant to file in the probate proceedings notice of the pendency of action on said claim within ten days after filing the complaint (or to serve the summons and complaint within said period) should bar further liability thereon it would have been easy to so state. The Legislature had before it a perfect example of such simple and direct provision in the first sentence of the very section that was being amended. It is there provided that if the holder of a rejected claim does not file suit thereon within the time therein specified "the claim shall be forever barred." This provision constitutes a statute of limitations. (*Laukkare* v. *Abramson* (1935), 9 Cal.App.2d 447, 449 [50 P.2d 478] ; *San Francisco Bank* v. *St. Clair* (1941), 47 Cal.App.2d 194, 201 [117 P.2d 703] ; *Thayer* v. *Fish* (1942), 49 Cal.App.2d 618, 620 [122 P.2d 358].) The failure to use the same language in the amendment or to incorporate the amendment in the first sentence of the section which has long had an established interpretation as a statute of limitations (see *Benedict* v. *Haggin* (1852), 2 Cal. 385, interpreting the 135th section of the "Act to regulate the settlement of the estates of deceased persons") is indeed significant. It lends support to the conclusion that the Legislature did not intend that the 1941 amendment should operate as a statute of limitations.

■ The words "shall file" in the amendment are not necessarily mandatory. (*Cake* v. *City of Los Angeles* (1913), 164 Cal. 705, 709 [130 P. 723].) In the *Estate of Mitchell* (1942), 20 Cal.2d 48, 51 [123 P.2d 503], it is said that: "The word 'shall' has been held in some cases to be merely directory. (*Pappadatos* v. *Superior Court,* 209 Cal. 334, 335 [287 P. 342] ; *Rutledge* v. *City of Eureka,* 195 Cal. 404, 424 [234 P.

82].) Whether it should be construed to be mandatory or directory depends on the intention of the legislature in enacting the section. (*In re Chadbourne*, 15 Cal.App. 363 [114 P. 1012].) In the last cited case it was stated: 'We must assume that the legislature had before it this policy of the law when it enacted the statute in controversy. And while the language upon its face seems to be mandatory, the cardinal canon of interpretation requires, of course, that we give effect to the intention of the lawmakers, though it may seem opposed to the letter of the statute,' citing *Chauncey* v. *Dyke Bros.*, 119 F. 1, 9 [55 C.C.A. 579].'' Construing the language of the amendment as directory gives effect to the apparent purpose and object sought to be accomplished by the legislation.

█ It is unreasonable to construe the amendment as constituting a statute of limitation. There is no practical reason or principle of public policy which would support such a holding. The very shortness of the period argues against such a construction when we consider that under the earlier provisions of the section a claimant has three months within which to file his action on a matured claim after written notice of its rejection. This last provision is of course to facilitate the prompt administration of estates. But no such purpose can be ascribed to the amendment under discussion for failure to file the notice within the prescribed ten days cannot possibly delay the prosecution of the action on the rejected claim.

Appellant particularly relies on *Thayer* v. *Fish, supra*, and *Dabney* v. *Dabney* (1942), 54 Cal.App.2d 695 [129 P.2d 470]. In the Thayer case the executrix distributed the estate in absolute ignorance of the pendency of Thayer's action against her on the rejected claim although her attorney had telephoned to the clerk of the justice's court where defendant resided and was informed that no action had been filed. (The action had been filed in another township.) The Dabney case throws no light at all on the problem here involved.

█ Respondent also contends that the appeal should be dismissed on the ground that the order appealed from does not fall within any of the orders enumerated in section 1240 of the Probate Code from which appeals may be taken. In this he is in error. The order appealed from was of a dual character: it settled the final account of the executor and

ordered final distribution of the estate. Appeal from each of such orders is expressly provided for in section 1240.

■ Respondent further contends that appellant has no right of appeal because her claim was not reduced to judgment at the time the order appealed from was made. This proposition is not well founded. Under section 927 of the Probate Code "Any person interested in the estate may appear and file written exceptions to the account, and contest the same." In section 953, Probate Code, it is provided that "If there is any claim not due, or any contingent or disputed claim against the estate, the amount thereof, or such part of the same as the holder would be entitled to if the claim were due, established, or absolute, must be paid into court, and there remain, to be paid over to the party when he becomes entitled thereto; or, if he fails to establish his claim, to be paid over or distributed as the circumstances of the estate require." In view of these code provisions "It is patent" as the Supreme Court said in *Estate of Mailhebuau* (1933), 218 Cal. 202, 204 [22 P.2d 514], "that one whose claim has been rejected and who is prosecuting an action upon it is a person interested in the estate." Such a claimant is clearly a "party aggrieved" when the probate court makes an order settling the final account and ordering final distribution of the estate without making any provision for payment of his claim in the event it is established, and he is entitled to test on appeal the validity of such an order. "One of the principal objects of administration is the payment of the debts of the deceased. For that purpose, the assets are subjected to the jurisdiction of the court, and to that extent it is a proceeding for the benefit of creditors. Each creditor is entitled to have the proceeding kept on foot and the property kept in legal custody, until his debt is paid, or secured in some manner provided in the statute. . . ." (*Estate of Washburn* (1905), 148 Cal. 64, 68 [82 P. 671].)

The order is reversed and the cause remanded to the superior court with instructions to proceed in accordance with the views expressed in this opinion and the appropriate provisions of the Probate Code.

Desmond, P. J., and Wood (Parker), J., concurred.