[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 371 
OPINION
In this probate case, an heir of a decedent's estate sought and obtained an order appointing her administrator of the estate and determining that the decedent died intestate. The administrator later found a holographic will of the decedent. More than five months after the determination of intestacy and more than three months after discovering the will, the administrator filed a petition to admit the will to probate. The trial court denied the petition on the ground it was untimely. The administrator appealed. *Page 372 
We agree that the petition for probate of the will was untimely and affirm.
 I BACKGROUND
On May 8, 2007, James Peter Earley died, leaving an estate valued at around $1.25 million. On July 31, 2007, Kathleen Anderson, Earley's first cousin, filed a petition in the trial court, seeking letters of administration. Anderson also filed an heirship declaration, stating she was the sole beneficiary of the estate. Notice of the petition was by publication.
On August 17, 2007, Anderson filed a notice of the petition to administer the estate. The notice was addressed to all heirs and beneficiaries, among others, and was served on the Los Angeles Public Administrator and Anderson herself. No one else was served.
By order dated September 5, 2007, the trial court appointed Anderson as the administrator of the estate with limited authority under the Independent Administration of Estates Act (Prob. Code, § 10400 et seq.; all statutory references are to that code). The court also determined that Earley had died intestate. On September 7, 2007, the trial court issued letters of administration to Anderson.
On September 28, 2007, Vicky Breeden and three other individuals filed a request for special notice (see § 1250), designating an attorney to receive any notices. Breeden was a first cousin once removed of Earley.
On October 22, 2007, Anderson discovered a holographic will of Earley dated June 14, 1954, and two codicils, dated August 2, 1954, and March 13, 1967. The will and first codicil named Earley's brother, Thomas, as sole beneficiary. Under the second codicil, if Thomas predeceased Earley, Anderson would become the sole beneficiary. Thomas died before Earley.
Anderson had the holographic will and codicils examined by a handwriting expert to determine their authenticity. After the expert confirmed that the documents were written by Earley, Anderson took steps to have them admitted to probate. (For simplicity, references to Earley's "will" also include the codicils.)
On February 19, 2008, Anderson filed a petition for probate of the will and for letters of administration with will annexed. The next day, she filed a notice of the petition. On February 25 and again on April 8, 2008, she filed a "Proof of Holographic Instrument." Notice of the petition was published. On *Page 373 
April 9, 2008, Anderson filed another notice of the petition and served it in compliance with the request for special notice.
On or about April 24, 2008, Breeden filed an objection to the petition, stating that she was a first cousin once removed of Earley and was therefore entitled to an intestate share of his estate. Breeden asserted that the will "has not been timely presented to [the Trial] Court for admission to probate."
The petition was heard on April 29, 2008, and taken under submission. By minute order of the same day, the trial court sustained Breeden's objection, finding that the petition was untimely and denying probate of the will. (See § 8226, subd. (c).) A formal order, dated June 3, 2008, was entered to the same effect. Anderson appealed.
 II DISCUSSION
Because this appeal involves the application of a statute to undisputed facts, we independently review the trial court's decision. (See Emeryville Redevelopment Agency v. HarcrosPigments, Inc. (2002) 101 Cal.App.4th 1083, 1095
[125 Cal.Rptr.2d 12].)
Section 8226 provides: "(a) If no person contests the validity of a will or petitions for revocation of probate of the will within the time provided in this chapter, admission of the will to probate is conclusive. . . .
"(b) Subject to subdivision (c), a will may be admitted to probate notwithstanding prior admission to probate of another will or prior distribution of property in the proceeding. The will may not affect property previously distributed, but the court may determine how any provision of the will affects property not yet distributed and how any provision of the will affects provisions of another will.
"(c) If the proponent of a will has received notice of a petition for probate or a petition for letters of administration for a general personal representative,[1] the proponent of the will may petition for probate of the will only within the later of either of the following time periods:
"(1) One hundred twenty days after issuance of the order admitting the first will to probate or determining thedecedent to be intestate. *Page 374 
"(2) Sixty days after the proponent of the will firstobtains knowledge of the will." (Italics added.)
Here, Anderson discovered the will, "first obtain[ing] knowledge of [it]," on October 22, 2007. Under the 60-day rule of section 8226, subdivision (c)(2), she had until December 21, 2007, to file the petition to probate the will. In the alternative, the trial court "determin[ed] the decedent to be intestate" by order dated September 5, 2007. Under the 120-day rule of section 8226, subdivision (c)(1), Anderson had until January 3, 2008, to file the petition. Section 8226, subdivision (c), gave her the benefit of waiting until the later of these two deadlines. But she filed the petition on February 19, 2008, more than a month late.
Anderson argues that section 8226 is limited to situations in which petitions to probate successive wills are filed and thus does not apply where a petition to probate a single will is filed after a determination that the decedent died intestate. We disagree.
"We apply well-established principles of statutory construction in seeking `to determine the Legislature's intent in enacting the statute "`so that we may adopt the construction that best effectuates the purpose of the law.'"' . . . We begin with thestatutory language because it is generally the mostreliable indication of legislative intent. . . . If the statutory language is unambiguous, we presume the Legislature meant what it said, and the plain meaning
of the statute controls." (Shirk v. Vista Unified SchoolDist. (2007) 42 Cal.4th 201, 211 [64 Cal.Rptr.3d 210,164 P.3d 630], citations omitted, italics added.) "However, if the statutory language permits more than one reasonableinterpretation, courts may consider various extrinsic aids, including the purpose of the statute, the evils to be remedied,the legislative history, public policy, and the statutory scheme encompassing the statute." (Torres v.Parkhouse Tire Service, Inc. (2001) 26 Cal.4th 995, 1003
[111 Cal.Rptr.2d 564, 30 P.3d 57], italics added.)
The language of section 8226 is unambiguous, so its plain meaning controls. Subdivision (b) of section 8226 governs the probate of a will where (1) another will has already been admitted to probate or (2) some, but not all, property in the estate has been distributed. The second situation could arise if an administrator has distributed property under the intestacy laws (§§ 6400-6455). Thus, under the plain meaning rule, subdivision (b) is not confined to successive wills but includes the probate of a single will before a final and fullintestate distribution.
Subdivision (c) of section 8226 imposes filing deadlines where the proponent of a will has received notice of a petition for probate or a petition *Page 375 
for letters of administration for a general personal representative. But the subdivision is not restricted to successive wills. For instance, the proponent must petition for probate of the will within 120 days "after issuance of the order . . . determining the decedent to be intestate" or 60 days "after the proponent of the will first obtains knowledge of the will," whichever is later. (§ 8226, subd. (c)(1), (2), italics added.) Those filing deadlines; applied here notwithstanding that the administrator sought to probate oneand only one will after a determination ofintestacy.
Anderson focuses on the language in section 8226, subdivision (c)(1) referring to the "issuance of the order admitting thefirst will to probate" (italics added), but she ignores the disjunctive clause that comes immediately thereafter: "or determining the decedent to be intestate" (italics added). The language preceding "or" concerns the probate of more than one will; the clause after "or" involves intestacy, as in this case. Anderson's interpretation would render the intestacy clause meaningless. And "`[w]e must . . . avoid any construction that would create such surplusage.'" (Doe v. City of Los Angeles (2007) 42 Cal.4th 531, 547
[67 Cal.Rptr.3d 330, 169 P.3d 559].) Indeed, the intestacy clause would have allowed Anderson to file a petition to probate Earley's holographic will if she had done so by January 3, 2008.
Nevertheless, Anderson seems to insist thatsubdivision (b) of section 8226 addresses only the probate of successive wills and does not encompass intestacy, such that the filing deadlines in subdivision (c) apply only to successive wills. But assuming for the sake of argument that subdivision (b) is of such narrow application, subdivision (c) is a separate and coequal part of section 8226; it is not subordinate to, or a subpart of, subdivision (b). The structure and language of the statute as a whole indicate that the filing deadlines in subdivision (c) are expressly incorporated into subdivision (b), but nothing in subdivision (b) affects the scope of subdivision (c). Accordingly, the filing deadlines apply not only to the situations covered by subdivision (b) but also to the situations described in subdivision (c), for example, filing a petition to probate a single will after a determination of intestacy.
And we must interpret section 8226 "to avoid a construction that would lead to unreasonable, impractical, or arbitrary results." (Commission on Peace Officer Standards Training v. Superior Court (2007) 42 Cal.4th 278, 290
[64 Cal.Rptr.3d 661, 165 P.3d 462].) Our interpretation of the statute includes situations where (1) a petition to probate a will is filed after another will has been admitted or (2) a petition to probate a single will is filed after a determination of intestacy. In contrast, Anderson's construction would limit the statute to successive wills and exclude cases involving a determination of *Page 376 
intestacy. Under her view, there would be no statutory deadline for a petition to probate a will after an administrator is appointed concomitantly with a finding of intestacy.
We decline Anderson's invitation to interpret section 8226 as inapplicable to situations where a petition to admit a will to probate is filed after the trial court has made a determination of intestacy. "It is the policy of the law to encourage the presentation for probate of wills of decedents in order to make the more certain that those really entitled to their bounty shall enjoy it. To place upon [an administrator, who is] under the moral, if not the legal, obligation of probating the decedent's [intestate estate,] the burden of gambling on his ability to [distribute the property of the estate] successfully, no matter how sincere he may be, would be directly opposed to such policy." (Estate of Bergland (1919) 180 Cal. 629,637 [182 P. 277], bracketed material added.) The application of the filing deadlines in section 8226, subdivision (c), to cases like this one should reduce the number of "surprise" wills that interrupt intestate proceedings.
Anderson relies heavily on the legislative history of section 8226. (See Legis. Counsel's Dig., Assem. Bill No. 1172 (1997-1998 Reg. Sess.) par. (9) ["This bill would prohibit the proponent of the subsequent will from petitioning to admit the will after specified conditions are met."]; Sen. Com. on Judiciary, Analysis of Assem. Bill No. 1172 (1997-1998 Reg. Sess.) as amended July 15, 1997, § 20, p. 5 ["This bill would require that anyone having notice of a petition for probate . . . offer another will within specified timelines."].)
But the Legislature's concern with successive wills does not mean we should abandon the plain meaning rule or construe section 8226 in a way that renders the intestacy clause (subd. (c)(1)) surplusage. Nor does the Legislature's intent conflict with or contradict our interpretation of the statute. Further, "statutory [provisions] often go beyond the principal evil to cover reasonably comparable evils, and it is ultimately the [language] of our laws rather than the principal concerns of our legislators by which we are governed." (Oncale v. SundownerOffshore Services, Inc. (1998) 523 U.S. 75, 79
[140 L.Ed.2d 201, 118 S.Ct. 998].) The Legislature may act "to address a specific problem but ultimately settle[] on a broader remedy. . . . `. . . [T]hat a statute can be applied in situations not expressly anticipated by [the Legislature] does not demonstrate ambiguity. It demonstrates breadth.'" (New Hampshire MotorTransport Ass'n v. Rowe (1st Cir. 2006) 448 F.3d 66, 77.) Under section 8226, even if only one will is involved, the proponent of the will must file a petition promptly — not more than 60 days after he or she first obtains knowledge of the will or not more than 120 days after the trial court has made a determination of intestacy, whichever is later. (§ 8226, subd. (c)(1), (2).) *Page 377 
In sum, section 8226 provides filing deadlines for admitting a will to probate regardless of whether another will has already been admitted to probate or whether estate proceedings have already commenced based on a determination of intestacy. This interpretation "facilitate[s] the prompt administration of estates." (Estate of Wilcox (1945) 68 Cal.App.2d 780,786 [158 P.2d 32].) Anderson's construction does just the opposite.
Thus, the trial court properly found that the petition to admit the holographic will to probate was untimely under section 8226, subdivision (c).
 III DISPOSITION
The order is affirmed.
Rothschild, J., and Tucker, J.,* concurred.
[1] A "general personal representative" includes an executor, administrator, and an administrator with the will annexed. (See § 58, subds. (a), (b).)
* Judge of the Orange Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution. *Page 378