Filed 10/10/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| GEORGE A. BAILEY, et al., <br><br> Petitioners and Respondents, <br><br> v. <br><br> MITCHELL A. BAILEY, <br><br> Objector and Appellant. | 2d Civ. No. B320664 <br> (Super. Ct. No. 20PR00422) <br> (Santa Barbara County) |

Appellant Mitchell Bailey is the only child of the late James Bailey. Mitchell[1] opposed respondent Olan Mills II's petition to probate a 2001 will that effectively denied Mitchell any share of his father's estate. The court approved the petition and admitted the will to probate. Mitchell appeals. He contends Mills filed his petition beyond the period allowed by Probate Code section 8226, subdivision (c).[2] We affirm.

---

[1] We use first names to avoid confusion. No disrespect is intended.

[2] Unlabeled statutory cites are to the Probate Code.

FACTUAL AND PROCEDURAL BACKGROUND

James Harvey Bailey (Harvey) died on October 16, 2020. Harvey's brother, George Bailey, petitioned for letters of administration on November 6, 2020 and sought appointment as special administrator of the estate. The petition alleged Harvey died intestate with estimated assets of $575,000, including his single-family home in Orcutt, California. Theia Bailey, Harvey's sister, and appellant Mitchell were the only persons served with the petition.

George subsequently found a document dated February 12, 2001, entitled "Last Will and Testament of James Harvey Bailey" among Harvey's effects. He lodged it with the court on December 22, 2020 and served copies on Theia, Mitchell, and himself. The will bequeathed Harvey's common stock in General Electric and other companies to Mitchell. It specified a cash gift to his friend and former employer, respondent Olan Mills II. The balance of the estate went to various individuals, charities, and schools.

George and Mitchell appeared on January 5, 2021 for the petition hearing. The court asked whether George planned to admit the will to probate. George said he did not. His immediate plan was to obtain letters of administration so he could open an estate bank account, pay Harvey's outstanding debts, and marshal the estate's assets. The will's validity, he explained, could be litigated once these more pressing matters were addressed. The court agreed. It approved the intestate petition so George could "get things organized" and assured Mitchell that George was not yet authorized to "divide any money up." It filed a probate order on January 13 finding Harvey died intestate. Letters of administration issued on February 17.

George served the will's beneficiaries, including respondent Mills, with a document entitled "Notice to Potential Beneficiary of Petition for Letters of Administration Under Probate Code

2

§ 8226" on March 4, 2021.  The notice included copies of the will, the petition, the probate order, and letters of administration.

George filed a final inventory and appraisal on May 17, 2021.  It listed no common stock among Harvey's assets, meaning Mitchell stood to inherit nothing if the will were admitted to probate.  Mills petitioned to probate the will ten days later on May 27.

Mitchell objected to Mills's petition as untimely under section 8226, subdivision (c).[3]  After an evidentiary hearing, the probate court admitted the will over Mitchell's and George's objections.  It concluded section 8226, subdivision (c) did not apply because Mills was not served with the original petition in advance of the January 2021 hearing.

## DISCUSSION

Mitchell contends the court erred when it admitted the will to probate because Mills's petition was untimely under section 8226, subdivision (c).  The parties do not dispute the facts material to this question.  As such, "[w]e review the probate court's construction of the Probate Code de novo." (*Babbitt v. Superior Court* (2016) 246 Cal.App.4th 1135, 1144.)

Generally, "any interested person" may petition to admit a will to probate "[a]t any time after a decedent's death." (§ 8000, subd. (a).)  This is true even if the court has already distributed property of the decedent's estate.  (See § 8226, subd. (b) ["a will may be admitted to probate notwithstanding . . . prior distribution of property in the proceeding"].)  Section 8226, subdivision (c) creates an exception to the general rule.  It states: "If the proponent of a will has *received notice* of . . . a petition for

---

[3] Mitchell and George objected to Mills's petition on other grounds as well.  Mitchell does not raise them on appeal.

3

letters of administration for a general personal representative, the proponent of the will may petition for probate of the will only within the later of either of the following time periods:  [¶] (1) One hundred twenty days after issuance of the order . . . determining the decedent to be intestate.  [¶] (2) Sixty days after the proponent of the will first obtains knowledge of the will." (§ 8226, subd. (c), italics added.)

Mitchell contends George's "Notice to Potential Beneficiary" triggered Section 8226, subdivision (c)'s 60-day and 120-day deadlines.  The probate court erred by admitting the will, he argues, because Mills petitioned for probate after these deadlines had expired.  Mills contends subdivision (c) does not apply to him because he did not receive *pre-hearing* notice of the original petition in compliance with section 8110.[4]  Mills is correct.

"[I]n the context of the Probate Code, 'notice' has a particular meaning, as it may have constitutional due process implications." (*Estate of Kelly* (2009) 172 Cal.App.4th 1367, 1373 (*Kelly*).)  George's Notice to Potential Beneficiary gave Mills none of the due process afforded to those who received formal notice of the original petition under section 8110.  The hearing on the petition occurred two months prior.  The court had already given

---

[4] Section 8110 states:  "At least 15 days before the hearing of a petition for administration of a decedent's estate, the petitioner shall deliver notice of the hearing pursuant to Section 1215 on all of the following persons:  [¶] (a) Each heir of the decedent, so far as known to or reasonably ascertainable by the petitioner.  [¶] (b) Each devisee, executor, and alternative executor named in any will being offered for probate, regardless of whether the devise or appointment is purportedly revoked in a subsequent instrument."  Neither party raised, nor do we consider, whether notice by publication pursuant to section 8120 *et seq.* constitutes notice under section 8226, subdivision (c).

George the relief he sought by issuing a probate order and letters of administration. Receiving a physical copy of the adjudicated petition did not provide Mills the opportunity to be heard on its merits. He received, at most, courtesy notice of a pending probate case in which he was a potential beneficiary. As the trial court noted, if George sought to bring the will's beneficiaries within the ambit of section 8226, he should have amended his petition and served them pursuant to section 8110.

Mitchell's liberal interpretation of the phrase "has received notice" is also inconsistent with the statute's plain language. The Legislature could have drafted subdivision (c) to apply to those will proponents who receive notice of some post-hearing event, such as issuance of a probate order or letters of administration. It did not. Subdivision (c) refers only to those who have "received notice of a *petition* for probate or a *petition* for letters of administration." (§ 8226, subd. (c), italics added.) This can mean only notice of the petition under section 8110. "Section 8226(c), with its time limits, is an exception to the general rule permitting a petition to probate a will at any time. An exception or limitation is to be strictly construed." (*Kelly*, *supra*, 172 Cal.App.4th at p. 1375.)

Limiting application of section 8226, subdivision (c) to those who receive notice under section 8110 will not, as Mitchell argues, hinder the prompt administration of estates. (See, e.g., *Estate of Earley* (2009) 173 Cal.App.4th 369, 377, quoting *Estate of Wilcox* (1945) 68 Cal.App.2d 780, 786 ["section 8226 provides filing deadlines for admitting a will to probate regardless of . . . whether estate proceedings have already commenced based on a determination of intestacy. This interpretation 'facilitate[s] the prompt administration of estates.'"].) The will proponent who takes no action despite knowledge of a pending probate case risks losing their claim to distributed estate assets. (§ 8226, subd. (b),

5

italics added ["a will may be admitted to probate notwithstanding prior admission to probate of another will or prior distribution of property in the proceeding. *The will may not affect property previously distributed*, but the court may determine how any provision of the will affects property not yet distributed and how any provision of the will affects provisions of another will"].) This provides ample incentive to present the will promptly.

DISPOSITION

Judgment (the order admitting the will to probate) is affirmed. Respondent shall recover his costs on appeal.

CERTIFIED FOR PUBLICATION.

CODY, J.

We concur:

YEGAN, Acting P.J.

BALTODANO, J.

6

James F. Rigali, Judge
Superior Court County of Santa Barbara

_____

M. Jude Egan for Objector and Appellant Mitchell A. Bailey.

Tardiff Law Offices, Neil Tardiff; Law Office of Laura Hoffman King, Laura Hoffman King, for Petitioner and Respondent Olan Mills, II.

No appearances by Respondents George A. Bailey and Save the Redwoods League.